**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANG CHEN, | No. 11-71405 |
| Petitioner, | Agency No. A095-024-129 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Yang Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Chen's request for oral argument.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Chen contends the police persecuted him based on an actual and/or imputed political opinion. Substantial evidence supports the agency's finding that Chen failed to show a protected ground was at least one central reason for the harm he suffered or fears suffering upon return. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *cf. Hu v. Holder*, 652 F.3d 1011, 1018-19 (9th Cir. 2011) (IJ's conclusion not supported by substantial evidence where police accused petitioner of acting against the government and Communist party). We reject Chen's contention that the BIA failed to consider whether he was harmed on account of his actual political opinion. Accordingly, Chen's claim for asylum fails.

Because Chen failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**